## No. 4770.

### KENDIG & CO. *v.* CITY OF NEW ORLEANS.

The permission to erect a platform scales with a covering at the coal landing in the Second District, city of New Orleans, was granted to the plaintiffs by resolution of the City Council on the eighteenth of June, 1872, provided "that this permission be revocable at the pleasure of the council." The plaintiffs pray for an injunction to prevent the city from removing the platform and covering erected over it, and also sue for damages: After the trial in the court below, and after an appeal had been taken and the record filed in this court, the City Council, on the twenty-ninth of July, 1873, passed an ordinance revoking the permission granted to plaintiffs.

The judgment of the court *a qua* making the injunction perpetual is affirmed, with the proviso and understanding that said injunction must be treated and considered as resting alone upon the state of facts existing at the trial of the cause in the court below, and without prejudice to the city to set up a claim to the quiet and undisturbed possession of the place in controversy under any ordinance revoking the permit granted to plaintiffs.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Bentinck Egan* and *Fellows & Mills*, for plaintiffs and appellees. *George S. Lacey*, City Attorney, for defendant and appellant.

TALIAFERRO, J. The defendant in this case appeals from a judgment of the court *a qua* perpetuating an injunction taken by the plaintiffs, restraining the city from preventing and obstructing them in the pursuit of their business as dealers in coal, at a coal boat landing opposite the United States Mint, in the lower portion of the city of New Orleans.

The plaintiffs alleged in their petition that they had, by permission of the city authorities, erected a platform scales with a covering, for the purpose of weighing their coal when landed, and gone to large expense in that·work and in removing sunken piles and other obstructions at the landing in order to render the landing of coal boats at that point safe and convenient. That notwithstanding the permission granted to them for carrying on their business in that locality, the city authorities had formally notified them to remove their coal barges, etc., from the said landing within twenty-four hours, and threatened, in case the order was not executed, to remove them at the plaintiffs' risk and expense. An injunction was prayed for and obtained, the plaintiffs praying judgment perpetuating the writ and for six hundred dollars damages.

The plaintiffs had judgment perpetuating the injunction and the city has appealed.

The permission to erect their platform scales at the coal landing in the Second District, was granted to the plaintiffs by resolution of the City Council on the eighteenth of June, 1872, in the following terms :

"No. 1590. Resolved by the Council of the city of New Orleans, That permission is hereby given to Kendig & Co. to erect, on the coal

landing in the Second District, a platform scales with a covering for the purpose of weighing coal; provided, that this permission is revocable at the pleasure of the Council."

On the twenty-ninth of July, 1873, a repealing resolution was passed in the following terms :

" Resolved, That ordinance No. 1590, Administration Series, granting permission to Kendig & Co. to erect platform scales on the coal landing in the Second District, for the purpose of weighing coal, is hereby repealed."

It further appears by a city ordinance passed July 6, 1866, that "two hundred feet from Esplanade street up" was set apart " as a coal boat landing during the pleasure of the Council."

The frail tenure by which Kendig & Co. set up a right to occupy the coal landing in question, it is obvious, must give way to the wants and covenience of the public and the superior right of the City Council to control and regulate the wharves and landings of the city in the interests of the public. Kendig & Co. had simply a permissive right to occupy a space at the coal boat landing in the Second District temporarily, until the city authorities deemed it proper to make some other disposition of the space appropriated by the ordinance of June, 1866, for the landing of coal boats—the appropriation of " two hundred feet from Esplanade street up" for a coal boat landing, being expressly revocable at the will of the City Council. The plaintiffs accepted the privilege of erecting their platform scales within a space which the City Council could at any moment appropriate to some other use than that of a coal boat landing, and they accepted the gratuitous favor of conducting their business there, the permission being "revocable at the will of the Council." The condition then of the plaintiffs was but little better than that of a poor pensioner on the bounties of an hour.

When the City Council decided to build a wharf there, and entered into a contract with undertakers to perform the work and notified the plaintiffs to remove their boats, etc., which formed an impediment to the prosecution of the work contracted for, it was with but little grace that the plaintiffs set up a claim to continue their possession and to raise the question of the city's right to build a wharf at the coal boat landing, and to go into the inquiry also of the expediency and even of the practicability of the work. We think the judgment of the lower court erroneous and that it should be set aside.

It is therefore ordered that the judgment of the court *a qua* be annulled and set aside. It is further ordered that the injunction be dissolved and that the defendant have judgment in its favor, the plaintiffs and appellees paying costs in both courts.

## On Rehearing.

TALIAFERRO, J. We find on reviewing this case that our decree was rendered upon insufficient evidence and should be reversed. It is therefore ordered that the former decree rendered be avoided and set aside, and it is now ordered that the judgment of the district court be affirmed, with the proviso and understanding, that the injunction rendered perpetual by that judgment be treated and considered as resting alone upon the state of facts existing at the trial of the cause in the court *a qua*, and without prejudice to the city to set up a claim to the quiet and undisturbed possession of the place in controversy under any ordinance revoking the permit granted to Kendig & Co. The appellees paying costs of this appeal.